RECEIVED

MAR 16 2017

AT 8:30 M
WILLIAM T. WALSH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SHAFIQUE AHMED,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondents.

HONORABLE ANNE E. THOMPSON

Civil Action
No. 16-8259 (AET)

**OPINION ON MOTION TO SEAL**

**THOMPSON, District Judge**

This matter comes before the Court on Petitioner's unopposed motion to seal his memorandum in support of his § 2255 motion as well as the accompanying exhibits and affidavit. Motion to Seal, Docket Entry 2.

1. Under Local Civil Rule 5.3(c), motions to seal must describe: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interests which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available. Local Civ. R. 5.3(c)(2).

2. "It is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records. The public's right of access extends beyond simply the ability to attend open court

proceedings. Rather, it envisions a pervasive common law right to inspect and copy public records and documents, including judicial records and documents." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (internal citations and quotation marks omitted).

3. A party seeking to seal portions of the judicial record from public view bears a "heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Millhouse v. Ebbert*, No. 16-3716, 2017 WL 389491, at *1 (3d Cir. Jan. 25, 2017) (internal citations and quotation marks omitted).

4. Petitioner asserts that if his brief, accompanying exhibits, and affidavit are not sealed the private information of "unaware potential victims" would be exposed to the risk of "having their personal information used [in] some type of criminal act." Motion to Seal. He further states the documents "expose[] the level of cooperation of the Movant. Something that was not revealed at sentencing." *Id.* He does not address whether less restrictive means are available.

5. Petitioner is challenging the validity of his criminal conviction and sentence, including the performance of his counsel in failing to argue for a minor role sentencing adjustment and the alleged failure of the Government to adhere

to the plea agreement by providing a 5K1.1 letter. Petition ¶ 12. *See also* U.S.S.G. 5K1.1 (permitting guideline departure upon Government motion in exchange for defendant providing substantial assistance in the investigation or prosecution of another person). These challenges necessarily entail full review of the criminal proceedings, including the Government's evidence and details of the investigation. Petitioner's affidavit and exhibits, Docket Entries 3-1, 3-2, and 3-3, contain sensitive personal and financial information about persons other than Petitioner, including their names, addresses, financial information, and social security numbers. The Court finds there are legitimate public and private interests in keeping this sensitive, personal information sealed from public disclosure, namely those individuals' interest in not having their private information exposed to the public at large.

6. The Court further finds that the risk of exposing the individuals' personal and financial information to those that would use that information for criminal activity is sufficiently serious such that relief is warranted. Given the nature of the documents produced, the Court also finds there are no less restrictive means of filing the affidavit and exhibit than full sealing of those documents.

7. Full sealing of the brief in support is not justified under Rule 5.3, however. Brief in Support, Docket Entry 3. The

brief does not include any private information of other individuals, and Petitioner's references to his cooperation with the Government are vague and do not identify the individuals he purportedly assisted the Government in investigating. The statements in the brief are not any more revealing into his activities than his statement in his unsealed § 2255 petition indicating he believes he rendered assistance entitling him to a 5K1.1 letter from the Government. Petition ¶ 12. Petitioner also does not set forth in his motion "the legitimate private or public interests" warranting sealing or "the clearly defined and serious injury that would result if the relief sought is not granted" as it relates to his brief. Local Civ. R. 5.3(c)(2). The motion to seal is therefore denied as to the brief in support.

8. The Clerk of the Court shall be ordered to seal Petitioner's affidavit, Docket Entry 3-1, and exhibit, Docket Entries 3-2 and 3-3. Petitioner's brief, Docket Entry 3, shall be unsealed by the Clerk 60 days from the date of this Opinion and Order unless a notice of appeal is timely filed. Local Civ. R. 5.3(c)(8).

9. An appropriate order follows.

3-16-17
Date

ANNE E. THOMPSON
U.S. District Judge