RECEIVED
APR 05 2017
AT 8:30_____M
WILLIAM T. WALSH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAFIQUE AHMED, | HONORABLE ANNE E. THOMPSON |
| Petitioner, | Civil Action |
| v. | No. 16-8259 (AET) |
| UNITED STATES OF AMERICA, | |
| Respondents. | **MEMORANDUM OPINION** |

**THOMPSON, District Judge**

This matter comes before the Court on Petitioner's motion for the appointment of pro bono counsel, Docket Entry 4; motion for an evidentiary hearing, Docket Entry 5; and motion to reschedule the evidentiary hearing,[1] Docket Entry 9.

1.  Petitioner is challenging his federal conviction and sentence under 28 U.S.C. § 2255, which provides in relevant part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

---

[1] This motion was incorrectly entered onto the docket as a second motion for an evidentiary hearing.

2.   A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005).

3.   Petitioner's request for an evidentiary hearing is premature. On March 16, 2017, the Court directed the United States to answer the motion within 60 days. Until the United States answers the petition and provides the remainder of the record, the Court cannot determine whether an evidentiary hearing is warranted under § 2255(b). The motion for an evidentiary hearing is denied without prejudice. The Court will revisit this decision upon receipt and review of the answer and appendix.

4.   Petitioner's motion to reschedule the evidentiary hearing is dismissed as moot. Docket Entry 9. The motion was filed under the mistaken belief that an evidentiary hearing had been scheduled for December 5, 2016, which was the return date of Petitioner's motion for an evidentiary hearing. No hearing was ever scheduled for that date; therefore the motion to reschedule is dismissed as moot.

5.   Petitioner has also requested the appointment of pro bono counsel, Docket Entry 4. There is no constitutional right to counsel for litigants in a civil case, including § 2255

proceedings. *See Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997). District courts may, however, appoint counsel in certain circumstances. *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). In the event the Court conducts an evidentiary hearing, counsel must be appointed. 28 U.S.C. § 2255 Rule 8(c).

6. The Court finds that the appointment of counsel is not warranted at this time. In deciding whether to appoint pro bono counsel, the Court first must consider whether Petitioner's claim "has some merit in fact and law." *Tabron*, 6 F.3d at 155 (quotation omitted). As the petition survived the Court's initial review under Rule 4 of the Rules Governing § 2255 Proceedings, there is sufficient merit to continue analyzing the *Tabron* factors.

7. Under *Tabron*, the Court must consider (1) Petitioner's ability to present his case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and Petitioner's ability to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether Petitioner can attain and afford counsel on his own behalf. *Parham*, 126 F.3d at 457 (citing *Tabron*, 6 F.3d at 155-56, 157 n.5).

8. Petitioner has not addressed any of these factors in his motion, and it appears to the Court at this time that he is

3

able to adequately present his case on his own. The Court will therefore deny the motion without prejudice and will continue to assess Petitioner's continued ability to present his case. Should the need for counsel arise, the Court will appoint an attorney *sua sponte*. Petitioner may renew his request for appointment of counsel by filing a motion addressing the *Tabron* factors at any time during this action.

9. An appropriate order follows.

3/30/17
Date

ANNE E. THOMPSON
U.S. District Judge